IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTTIE MORRELL MUSGRAVES, ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | CIVIL NO. 05-cv-441-WDS |
| vs. ) | |
| ) | CRIMINAL NO. 02-cr-30013 |
| UNITED STATES of AMERICA , ) | |
| ) | |
| Respondent/Plaintiff. ) | |

### MEMORANDUM AND ORDER

**STIEHL, District Judge:**

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. This motion was filed by Petitioner, *pro se*, and the Government has not filed written responses to this motion. For the reasons set forth below, the motion is denied.

Pursuant to a plea agreement, Petitioner pleaded guilty to one count involving the distribution of cocaine. On September 30, 2002, he was sentenced to 180 months imprisonment, three years supervised release, a fine of $750, and a special assessment of $100. No appeal was filed, and he now argues that his sentence is invalidated by *United States v. Booker*, 125 S.Ct. 738 (2005).

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented

could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255.

"[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 525 (2003). *See also Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987) (a conviction is final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied"). *See generally* Supreme Court Rule 13; FED.R.APP.P. 4(b)(1)(A).

Petitioner did not file a direct appeal from his conviction and sentence. Therefore, for purposes of § 2255, his conviction became final on October 15, 2002, and he needed to file his § 2255 motion by October 15, 2003. However, Petitioner did not file the instant motion until June 20, 2005, almost two years too late. None of the exceptions to the statute of limitations can alter this finding. Petitioner's basis for this action is the rule "newly recognized" *Booker*. However, the Seventh Circuit already has held that the rulings in *Booker* do not apply retroactively on collateral review. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).

Therefore, this § 2255 motion is barred by the statute of limitations, and this Court lacks jurisdiction to entertain the motion. Accordingly, the motion is **DENIED**, and this action is **DISMISSED**. Dismissal is *without prejudice* to Petitioner filing a new § 2255 motion, *if* the United States Supreme Court announces that *Booker* applies retroactively on collateral review.

**IT IS SO ORDERED.**

**DATED: November 30, 2005.**

**s/ WILLIAM D. STIEHL**
**DISTRICT JUDGE**
